**Yassin Hassan MAIDAL,\* Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–4119–ag.

United States Court of Appeals, Second Circuit.

June 5, 2006.

Frederick P. Korkosz and Alyssa Gunther, Law Offices of Alice K. Berke, Albany, NY, for Petitioner.

as per petitioner's August 6, 2001, letter.

Glenn T. Suddaby, United States Attorney, Northern District of New York, Carl J. Boykin, Assistant United States Attorney, Syracuse, NY, for Respondent.

PRESENT: WALKER, Chief Judge, and JON O. NEWMAN and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Yassin Hassan Maidal petitions for review of an order of the BIA affirming Immigration Judge ("IJ") Michaelangelo Rocco's decision ordering Maidal's removal to Ethiopia and denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— that is, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review an agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). An agency determination "based on flawed reasoning ... will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal*, not factual, error." *Secaida–Rosales*, 331 F.3d at 307; *accord Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted).

The IJ and the BIA erroneously reasoned that, because Maidal was not directly victimized by Ethiopian government officials, he did not have a well-founded fear of future persecution. In their analysis of Maidal's fear of persecution, the IJ and the BIA failed to take into account the possibility that the government would impute to him a political opinion based on his brothers' leadership in the Western Somali Liberation Front. They also failed to take into account the warnings of Maidal's neighbors, after Maidal's father had been killed, that Maidal should escape since the soldiers were looking for the rest of the family. *Chun Gao v. Gonzales*, 424 F.3d 122 (2d Cir.2005). Since the case must be remanded, we suggest that on remand, the BIA and the IJ might wish to consider the materials in the record that appear to conflict with some of the statements made in the State Department profile.

Consequently, Maidal's petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).